(June 15, 2000)

■ LEGEND ARTISTS MANAGEMENT, INC., Appellant-Respondent, v RICHARD BLACKMORE, Respondent-Appellant, et

al., Counterclaim Defendants. [709 NYS2d 85] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 2, 1999, which, to the extent appealed and cross-appealed from, granted defendant's motion only to the extent that it sought partial summary judgment as to liability on paragraph 119 (j) of defendant's tenth counterclaim, for breach of contract against plaintiff, and denied the cross motion by plaintiff and additional counterclaim defendants for summary judgment dismissing certain of defendant's counterclaims, unanimously modified, on the law, to grant defendant's summary judgment motion to the further extent of dismissing plaintiff's first cause of action for breach of contract, plaintiff's second asserted cause of action for breach of contract, plaintiff's third asserted cause of action for constructive trust (erroneously denominated Fourth Claim for Relief), and plaintiff's fifth asserted cause of action for injunctive relief (erroneously denominated Fourth Claim for Relief), and otherwise affirmed, without costs.

We agree with the motion court that, when the provisions of the agreement between plaintiff management firm and defendant musical recording artist relating to plaintiff's compensation are read as a whole (see, e.g., Zodiac Enters. v American Broadcasting Cos., 81 AD2d 337, 339, affd 56 NY2d 738), it is unambiguously clear that subparagraph 5 (a), providing that plaintiff "shall receive * * * a commission equal to fifteen (15%) of Artist's Gross Earnings [as elsewhere defined in the agreement]," is qualified by separate subparagraph 5 (c) (i), which provides, in substance, that plaintiff's compensation pursuant to the agreement would be based on defendant's gross earnings arising from services he performed during and, in some cases, after, the term of the agreement. Plaintiff was therefore not entitled to commissions on defendant's royalties arising from services he had fully performed prior to the term of the agreement (known as back catalog royalties), since subparagraph 5 (c) (i)'s express provision that plaintiff would earn commissions on Gross Earnings arising from services performed by defendant at certain times implicitly excludes from commissionable Gross Earnings royalties derived from services performed entirely during periods not expressed (see, Eden Music Corp. v Times Sq. Music Publs. Co., 127 AD2d 161, 164).

Since it is undisputed that plaintiff deducted commissions from defendant's back catalog royalties while it was acting as his manager, and as discussed above, such commissions were unauthorized by the parties' agreement, defendant was entitled to terminate the agreement, and to avoid payment of any future commissions, on the ground of plaintiff's material breach. Con-

trary to plaintiff's assertion, we note this argument was raised by defendant in the motion court. In light of the foregoing, the other issues raised by the parties are academic. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Wallach and Friedman, JJ.